IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TEEN CHALLENGE INTERNATIONAL, )
NASHVILLE HEADQUARTERS, et al., )
)
    Plaintiffs, )
)
v. ) NO. 3:07-00668
) JUDGE HAYNES
METROPOLITAN GOVERNMENT OF )
NASHVILLE AND DAVIDSON COUNTY, )
)
    Defendant. )

## MEMORANDUM

Plaintiffs, Teen Challenge International, Nashville Headquarters ("Teen Challenge"), Jessica A., Nikki C., and Ben C., filed this action against the Defendant, Metropolitan Government of Nashville and Davidson County ("Metropolitan Government"). Plaintiffs assert claims under the Fair Housing Act, the Americans with Disabilities Act, and the Fourteenth Amendment through the discriminatory application of zoning and building laws to prevent Plaintiffs from utilizing the property at 2165 Baker Road, Goodlettsville, TN (the "Property") for rehabilitative services.

After the proof at the trial of this action, the jury returned a verdict for the Plaintiffs, awarding them a total of $967,995 against the Metropolitan Government on their claims. (Docket Entry No. 110). The Court entered a judgment against the Metropolitan Government for damages in the amount of $967,995, and also awarded prejudgment interest from the date of filing until paid and attorneys' fees and costs pursuant to Local Rule 54.01.

The parties subsequently entered into a consent decree (Docket Entry No. 121) that

-1-

sought to resolve issues related to the relief sought by the United States in Case No. 3:08-0961, and to resolve the claims brought by the individual Plaintiffs in this action, while reserving the issue of compensatory damages to be paid to Teen Challenge to the entry of a final order by the Court. The consent decree contemplated that the Metropolitan Government's post-trial motion filed pursuant to Fed. R. Civ. P. 50 and 59 (Docket Entry No. 112) would remain pending until ruled upon by the Court. The parties also intended for Metropolitan Government to retain its appellate rights as to the "final order" in this case, whenever entered by the Court. The Clerk erroneously terminated this action.

Before the Court are Defendant's motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 and motion to alter or amend or, in the alternative, motion for new trial pursuant to Fed. R. Civ. P. 59. (Docket Entry No. 112) and consent motion to alter or amend (Docket Entry No. 122). As an initial matter, the Clerk's office erroneously terminated this action pursuant to the consent decree, and therefore the consent motion to alter or amend should be granted.

### Defendant's Motion for Judgment as a Matter of Law or Motion for New Trial

As to the Defendant's motion for new trial, Defendant asserts numerous grounds: (1) Plaintiffs are not entitled to prejudgment interest and the Court's award of prejudgment interest should be set aside; (2) the jury's award of future damages was not reduced to present value and should be set aside; and (3) the jury's award for lost revenue damages and increased costs is based on speculation and evidence not supported by the record.

On a motion for new trial, the Court is to decide if the jury could reasonably reach the verdict based upon the evidence, Powers v. Bayliner Marine Corp., 83 F.3d 790, 798 (6th Cir. 1996). A trial court cannot substitute its judgment on credibility for the jury's determinations.

Anderson v. Conwood Co., 34 F. Supp. 2d 650, 653 (W.D. Tenn. 1991). Upon a motion for new trial, the Court is not to set aside the jury verdict absent a showing of a "seriously erroneous result." Holmes v. City of Massillon, Ohio, 78 F.3d 1041, 1046 (6th Cir. 1996) or where the jury verdict "resulted from passion, bias or prejudice." Farber v. Massillon Bd of Educ., 917 F.2d 1391, 1395 (6th Cir. 1990). The evidence is also reviewed, "most strongly in a light in favor of the verdict." Ross v. Meyers, 883 F.2d 486, 487 (6th Cir. 1989).

To prevail on a motion for judgment as a matter of law, the trial court must review the evidence and conclude that the evidence "points so strongly in favor of the movant that reasonable minds could not come to a different conclusion; then the motion should be granted." Black v. Ryder/P.I.E. Nationwide, Inc., 970 F.2d 1461, 1470 (6th Cir. 1990).

### A. Prejudgment Interest

First, the Court concludes that Plaintiff is entitled to prejudgment interest and that was properly awarded in the judgment. The Sixth Circuit has noted that trial courts have wide discretion in awarding prejudgment interest. EEOC v. Wooster Brush Co. Employees Relief Ass'n, 727 F.2d 566, 578 (6th Cir. 1984). The purpose of an award of prejudgment interest is to "compensate a deserving party for 'loss of the use' of its funds." Union Planters Bank, N.A. v. Cont'l Cas. Co., 478 F.3d 759, 767 (6th Cir. 2007).

Defendant argues that Plaintiffs did not request prejudgment interest in the complaint, and therefore it is precluded from such an award now, citing Farber v. Massillon Bd. of Educ., 917 F.2d 1391 (6th Cir. 1990). In its complaint, however, Teen Challenge did request "other and further relief as this Court may deem just and appropriate." (Docket Entry No. 1, at p. 15). Furthermore, Fed. R. Civ. 54(c) provides, "Every other final judgment [other than default

-3-

Case 3:07-cv-00668 Document 124 Filed 07/16/09 Page 3 of 9 PageID #: 1169

judgments] should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Finally, Defendant's arguments are belied by another Sixth Circuit decision subsequent to Farber that Defendant cites, Korte v. Diemer, 1992 WL 393159 (6th Cir. Dec. 28, 1992). In that case, the Sixth Circuit, made clear that prejudgment interest is entirely within the discretion of the district court. As such, Defendant's contention that Plaintiffs is not entitled to prejudgment interest fails.

Defendant further argues that Plaintiffs are not entitled to prejudgment interest on future damages, and because the jury did not delineate which portion of its award were compensatory or future damages, the verdict must be set aside. The Sixth Circuit has held that awards of prejudgment interest on future benefits "serve as compensation to a plaintiff **for the lost use of money wrongly withheld**; such awards may not penalize the defendant. . . . We award interest on past benefits wrongfully withheld by a defendant in order to compensate the ERISA plaintiff for the lost use of the benefits. When a plaintiff is not yet entitled to the benefit, however, there is no lost opportunity to use or invest the benefit payment." Ford v. Uniroyal Pension Plan, 154 F.3d 613, 620 (6th Cir. 1998) (emphasis added).

Uniroyal Pension discussed future benefits and prejudgment interest specifically with regard to ERISA's particularized remedial scheme. The Sixth Circuit has since distinguished Uniroyal Pension on the grounds that the district court should examine the particularized law and facts of the case regarding prejudgment interest and act within its sound discretion. See Gentek Bldg. Products, Inc. v. Steel Peel Litig. Trust, 491 F.3d 320, 333-34 (6th Cir. 2007). The award for future damages in this case was based upon the future damages Plaintiffs will incur that span a time period of only one year (June 30, 2008—the date of the expert report in which the future

damages calculation was rendered—through June 30, 2009). (Docket Entry No. 115, at p. 6). Prejudgment interest on this amount reflects that Plaintiffs will not only be deprived of the future damages, but also the productive interest it might have earned (and could still be earning as of this date) since the date of filing, June 21, 2007. As such, prejudgment interest on the entire damages award is appropriate here as within the Court's discretion.

## B. Award of Future Damages

Defendant further argues that the jury's award of future damages was not reduced to present value and should be set aside. In support, Defendant cites Rodgers v. Fisher Body Div., Gen. Motors Corp., 739 F.2d 1102, 1106 (6th Cir. 1984), where the Sixth Circuit stated that "[i]t is settled law in [the Sixth] Circuit that an award of future damages must be reduced to present value in order to take into account the earning power of the money." Id. The holding in Rodgers was significantly modified, however, in Kokesh v. American S.S. Co., 747 F.2d 1092 (1984). In that case, the Sixth Circuit clarified that "the Rodgers court did not intend to pronounce an invariable rule of general application." Id. at 1095-96. With regard to the proper jury instruction on the reduction to present value for future damages, "the failure to give such an instruction does not necessarily amount to plain error in every case, but . . . the determination turns on the specific circumstances of the case." Hawthorne Educ. Servcs., Inc. v. Friedman, 225 F.3d 658, 2000 WL 799339, at *5 (6th Cir. June 8, 2000).

Here, Defendant has waived any objection to the failure to instruct the jury on future damages as required by Fed. R. Civ. P. 51. A party's failure to object to jury instructions will waive any objections and not be reviewed except in cases of "plain error." Reynolds v. Green, 184 F.3d 589, 594 (6th Cir. 1999). As noted above, the Sixth Circuit has clarified that a failure

to instruct on the issue of present discounting of future damages will rarely be seen as plain error. Given that future damages were only based on a one-year time period as discussed supra, plain error does not exist here. Thus, Defendant's objection is waived.

Finally, even if Defendant's objection were not waived, the jury's future damages award here was supported by sufficient proof on the record from the testimony of witnesses offered by Teen Challenge. The award complies with the requirements of Kokesh that any award should be "supported by sufficient proof in the case, and . . . not shockingly large." 747 F.2d at 1096. The Sixth Circuit has also permitted district courts to "assume that the market rate of interest is exactly offset by price inflation and productivity gains, sparing the trier of fact 'the need to cope with inflation estimates, productivity trends, and present value tables.'" Friedman, 225 F.3d 658 (citing Kokesh, 747 F.2d at 1096). Such an approach is especially appropriate here, where the time period for future damages is relatively short. Thus, the jury's award of future damages in this action is reasonable and Defendant's objection is rejected.

### C. Jury Damage Award and Evidentiary Record

Finally, the Defendant argues that the jury's award for lost revenue damages and increased costs is based on speculation and evidence not supported by the record. Specifically, the Defendant contends: (1) the award accounted only for lost revenues and did not incorporate increased expenses; (2) the award for lost revenues based on 28 additional students was not supported by the evidence; (3) the award included additional transportation costs not supported by the evidence; (4) the award included additional personnel costs not supported by the evidence; and (5) the award for costs of acquiring replacement property is entirely speculative and should be set aside. Plaintiffs respond that the evidence at trial was more than sufficient to support all of

its theories of damages, and cites to various places in the record where the evidence supports individual damages theories.

The parties correctly note that any recovery for lost profits must be based on net profits, not simply net revenue. Cecil Corley Motor Co., Inc. v. Gen. Motors Corp., 380 F. Supp. 819, 854 (M.D. Tenn. 1974). The testimony of Teen Challenge's Executive Director, Norma Calhoun, as well as Plaintiffs' trial expert, Gregory Entwistle, a CPA, collectively establish a reasonable basis for each of the theories of damages.

First, Plaintiffs and their expert subtracted expenses it would have incurred as a result of an increase in students in the program. (Docket Entry No. 133, Transcript, at pp. 84, 103, 140). Defendant's counsel utilized cross-examination to explore the underlying assumptions and supporting evidence for the estimates of expenses, including monthly utility costs, food, and maintenance. Id. at p. 101, 105, 140. In a word, the jury rejected the Defendant's contentions and believed Plaintiffs' proof regarding any increased expenses.

Second, the jury's award was amply supported by evidence in the record regarding lost revenue for 28 additional students. Ms. Calhoun and Mr. Entwistle testified to the accuracy of the calculations on lost revenues based on "an increase of 18 male and 10 female students." Id. at p. 129. Defendant's protestations about conflicting testimony are also without merit because the jury served as the fact-finder. Engesbretsen v. Fairchild Aircraft Corp., 21 F.3d 721, 726 (6th Cir. 1994). Additionally, Defendant did not challenge Mr. Entwistle regarding his calculations as to the 28 anticipated students. As such, enough evidence in the record supports the jury award, and the Defendant has not shown a sufficient basis to overturn the jury's findings of fact.

Third, Plaintiffs presented sufficient evidence regarding additional transportation costs.

Ms. Calhoun testified that the female students:

> go from where they are in the morning [their housing] to the school, . . . and then they are transported back. And then the men are housed in another part of town, and we transport them to another church called Belmont Church, and they have their classes there, and then they go back home. And then our corporate office is in Hendersonville. And it's required for us to obviously be with the students for various reasons, and so we go from Hendersonville to 37th or Hendersonville to Brierville, or Hendersonville to one of the churches . . . .

(Docket Entry No. 133, Transcript, at pp. 70-71). Furthermore, locations and distances were provided in Plaintiffs' Collective Exhibit 12, offering specific details to the jury regarding increased travel costs that support its verdict. As such, the Defendant's contentions regarding insufficient evidence on travel costs are without merit.

Fourth, Plaintiffs offered testimony and documentation to support an award for additional personnel costs. Plaintiffs' Collective Exhibit 12 provided information regarding the salaries of employees occupied in travel between Teen Challenge's various locations. Ms. Calhoun also testified to the need for employees to travel "back and forth between all of these locations," and detailed the various travel needs for arrangements that were needed as a result of Defendant's actions. Id. at pp. 87-88. According to the testimony of Ms. Calhoun, Plaintiffs' expert was provided with all necessary information of additional personnel costs, and noted that she agreed with those calculations. Id. The Defendant also made no objection to the underlying data provided by Plaintiffs' expert. The Defendant cannot fault the jury for Defendant's failure to cast doubt on Plaintiffs' data during its cross-examination of Mr. Entwistle. Thus, Defendant's objection regarding personnel costs must be rejected.

Finally, Defendant's argument that the award for costs of acquiring replacement property is entirely speculative is also without merit. Under 42 U.S.C. § 1983, a plaintiff is entitled to

compensation "that will justly and fairly compensate them for any injury suffered." Baumbardner v. Secretary, United State Dep't of Housing & Urban Dev., 960 F.2d 575, 582 (6th Cir. 1992). Defendant argues that because Plaintiffs asserted damages for lost revenues, any additional damages for replacement property are redundant and provide Plaintiffs with a windfall.

An examination of the trial record belies Defendant's assertion. Plaintiffs presented evidence not only of lost revenues, but also that it was forced to seel the property after the government prevented Teen Challenge from obtaining zoning approval. Plaintiff also provided Collective Exhibit 12, which detailed various listings for other suitable properties that Teen Challenge located. Plaintiff's expert incorporated the cost of repairs to the Property in his analysis, and accounted for all factors in calculating a reasonable replacement cost. (Docket Entry No. 133, Transcript, pp. 140-48; Plaintiff's Exhibit 13, pp. 9-11). While Defendant attempted to dispute this evidence, the jury found for the Plaintiff. As such, its verdict should not be disturbed.

## CONCLUSION

For the foregoing reasons, Defendant's motion for judgment as a matter of law and motion to alter or amend or, in the alternative, motion for new trial (Docket Entry No. 112) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the __16th__ day of July, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge

-9-